BAXTER BUSH V. THE STATE.

No. 4304.    March 11, 1908.

**1.—Theft from Person—Appeal—Escape—Custody.**

Where pending an appeal the appellant escaped from the custody of the officer, but afterwards entered into an appeal bond under the recent statute, the court thus recognizing him as being in the custody of the sheriff, he was entitled to prosecute his appeal, although there was some uncertainty as to his escape, and his subsequent voluntary surrender.

**2.—Same—Continuance—Want of Diligence.**

Where upon trial of theft from the person, the application for continuance showed that the first process for the absent witness was issued some six months after defendant's indictment, and had not been returned some eighteen months thereafter; that the whereabouts of the witness was unknown, etc., the same did not show proper diligence.

**3.—Same—Indictment—Statutes Construed.**

Under articles 879 and 880 Penal Code, an indictment which alleged that defendant then and there unlawfully and fraudulently took from the possession and person of prosecutor, and without the consent of the said prosecutor, and so suddenly as not to allow time for resistance before said property was carried away, corporal personal property then and there belonging to the said prosecutor, describing said property, and with the intent on the part of the defendant to deprive the said prosecutor of the value of the same and to appropriate it to the use and benefit of the defendant, it was sufficient.

**4.—Same—Description of Property Stolen.**

Where upon trial of theft from the person, the property alleged to have been stolen was described as one money purse containing money, the description was sufficient.

Appeal from the District Court of Wood. Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of theft from the person; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Hart & Hart,* for appellant.—On question of insufficiency of indictment: Dukes v. State, 22 Texas Crim. App., 192.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was charged in the District Court of Wood County by indictment in two counts with the crime of theft.

The first count charged theft from the person of J. T. Huff so suddenly as not to allow time to make resistance before the property was carried away, the property stolen being alleged to be one money purse containing money. The other count was for theft of $100.11, in money. The State elected to prosecute the case on the first count.

Appellant was indicted on May 4, 1906. He was tried and convicted on November 24, 1907. A motion has been filed by the assistant attorney-general to dismiss the appeal on the ground that appellant escaped from the custody of the sheriff on the 25th day of December, 1907, and remained out of his custody and beyond his control until recaptured on the morning of December 26, 1907. It appears, after this on the 8th of January, 1908, under the recent law, he (appellant) entered into an appeal bond pending his appeal. This motion is supported by the affidavit of T. L. Moore, Sheriff of Wood County. There is some uncertainty as to whether, under all the circumstances, in the light of the decisions of this court, the surrender of appellant was voluntary, and made under such circumstances as to be a sufficient answer to the motion. However this may be, in view of the fact that the trial court permitted him to execute an appeal bond and thereby recognized him as being in the custody of the sheriff, it seems to us that this should be held as a judicial determination that he was in such custody as to entitle him to prosecute an appeal of his case, and in view of the uncertainty as to the matter of escape, we are the more constrained to give appellant the right to a hearing of his case in this court.

There are substantially two grounds relied on to reverse the case: one is the error of the court in overruling appellant's motion for a continuance. As stated, the indictment was returned in the case on May 4, 1906, and the trial was had eighteen months thereafter. The application for continuance shows that the first process issued for the witness, J. Moore, whose testimony was sought and on account of whose absence a continuance was applied for, was dated on the 6th day of November, 1906, six months after appellant's indictment, and on the day of the trial, eighteen months after his indictment, the residence of the witness, J. Moore, was, stated in application for continuance, then unknown. In view of the long delay in applying for process for this witness, and in view of the further fact that after so long a delay his whereabouts were unknown, we think it too clear for discussion that the application for continuance should have been overruled.

The next ground for reversal urged is, that the indictment charges no offense against the laws of this State. In the first count in the indictment, on which appellant was tried, it is averred that appellant "did then and there unlawfully and fraudulently take from the possession and person of J. T. Huff, and without the consent of the said

J. T. Huff, and so suddenly as not to allow time for resistance before said property was carried away, corporeal personal property then and there belonging to the said J. T. Huff, to wit: one money purse containing money, and with the intent then and there on the part of him, the said Baxter Bush to deprive the said J. T. Huff of the value of the same and to appropriate it to the use and benefit of him, the said Baxter Bush." Article 879, of our Penal Code, provides, that, "If any person shall commit theft by privately stealing from the person of another, he shall be punished by confinement in the penitentiary not less than two nor more than seven years." By article 880, of the Penal Code, it is provided, "To constitute the offense, it is necessary that the following circumstances occur: 1. The theft must be from the person; it is not sufficient that the property be merely in the presence of the person from whom it is taken. 2. The theft must be committed without the knowledge of the person from whom the property is taken, or so suddenly as not to allow time to make resistance before the property is carried away. 3. It is only necessary that the property stolen should have gone into the possession of the thief; it need not be carried away in order to complete the offense."

This statute received consideration in the case of Kerry v. State, 17 Texas Crim. App., 178, in which Judge White, in one of the greatest opinions in the books, discusses this statute. He there holds, in effect, that it is not sufficient under this statute, as is ordinarily the case, to follow the language of the article first quoted, but that inasmuch as article 880 defines what circumstances must occur to constitute the offense of theft by privately stealing from the person of another, that the indictment must charge and set out the particular means whereby the alleged theft was committed. He states the rule usually to be that in setting out a statutory offense, it is, in general, sufficient to describe it in the very words of the statute, because ordinarily no allegations or anything more than the words of the statute is required in order to show that the statutory offense has been committed by the defendant, but he says there are many exceptions to this general rule. This case reviews many of the decisions both in this country and England, and cites many text-books, including Bishop and Hawkins' Pleas of the Crown. And in conclusion he affirms the rule laid down in the case of Woodward v. State, 9 Texas Crim. App., 412, in which it is said: "The act of privately stealing from the person of another is made eo nomine an offense against the law when the thing stolen was taken privately from the person and not merely in his presence; and the theft must be committed without the knowledge of the person from whom the property is taken, or so suddenly as not to allow time to make resistance before the property is carried away. An indictment which contains these essential averments and which otherwise charges or embraces the general definition of theft as defined in article 724, would satisfy the demands of the law and sufficiently describe the offense of theft from the person." In the case of Brown v. State, 22 S. W. Rep., 24, the

identical question here raised was passed on in an opinion by Judge Davidson, now presiding judge of this court. In paragraph 3, of the opinion in that case, he says: "The indictment charges defendant with stealing from the person, 'so suddenly as not to allow time to make resistance before the property was carried away,' but omits the word 'privately.' Motion in arrest of judgment was based on this omission. The motion was properly overruled. In order to constitute 'privately stealing' from the person, it may be averred and proved, either that the theft was committed without the knowledge of the person from whom the property was taken, or that it was committed so suddenly as not to allow time to make resistance before the property was so taken. Penal Code, article 745, subdivision 2; Kerry v. State, 17 Texas Crim. App., 178. Where this has been done, it is not necessary that the indictment contain the word 'privately' as found in article 774, of the Penal Code." Under the authorities as well as on reason, we think it manifest that this assignment of error must be overruled.

Some question is also made that the description of the money purse is insufficient, in that, there is no detailed or accurate description of it as to color, size, weight or value. In view of the fact that theft of any article from the person is by law made a felony, and as the indictment does allege what was stolen, to wit: a money purse, we think there is no merit in this contention.

There is no statement of facts in the record, and believing that the indictment charges the offense, it must follow that the judgment of the court below should be affirmed, and it is accordingly so ordered.

*Affirmed.*